1
2 Richard C. Gordon, Esq.
Nevada Bar No. 9036
3 Catherine M. O'Mara
Nevada Bar No. 12462
4 SNELL & WILMER L.L.P.
50 W. Liberty Street, Suite 510
5 Reno, NV 89501
Telephone: (775) 785-5440
6 Facsimile: (775) 785-5441
rgordon@swlaw.com
7 comara@swlaw.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*

9                    IN THE UNITED STATES DISTRICT COURT

10                              DISTRICT OF NEVADA

11

12 | ROBERT A. SLOVAK, an individual | CASE NO.
13 |                  Plaintiff, |
    |                            | **PETITION FOR REMOVAL**
14 | vs. |
15 | GOLF COURSE VILLAS |
    | HOMEOWNERS' ASSOCIATION; GOLF |
16 | COURSE VILLAS LIMITED |
    | PARTNERSHIP; WELLS FARGO BANK, |
17 | N.A., and DOES 1 - 10, Inclusive, |
18 |                  Defendants. |

19 TO:    THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

20          Defendant WELLS FARGO BANK, N.A. ("Wells Fargo"), pursuant to 28 U.S.C. § 1332,

21 hereby removes to this Court, Case No. CV13-02033, currently pending in Department 3 of the

22 Second Judicial District Court, Washoe County, Nevada (the "Action"). The removal of this

23 Action is based on the following grounds.

24 **I.     SUMMARY OF PLEADINGS**

25          On September 13, 2013, Plaintiff Robert A. Slovak ("Plaintiff") filed a Complaint

26 initiating the Action. The Complaint and Summons were served on Wells Fargo on September

27 20, 2013. A copy of all process, pleadings, briefings, and orders served upon Defendant is

28 attached pursuant to 28 U.S.C. § 1446. (*See* Ex. 1.)

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

II.    NATURE OF COMPLAINT

Plaintiff's Complaint is one for quiet title and declaratory relief.  Plaintiff asserts that he is the current owner of Property located at 928 Northwood Boulevard #2, Incline Village, NV 89451.  *See* Compl. at ¶1.  Wells Fargo has recorded a Deed of Trust against the Property that purportedly encumbers both the subject property as well as an undivided $1/14^{th}$ interest in the Common Area associated with the subject property.  Compl. at ¶14.  Plaintiff alleges that Wells Fargo cannot encumber the Common Area because such encumbrance requires a membership vote of the Golf Course Villas Homeowners' Association ("GCV HOA"), and no such vote ever took place. Compl. at ¶15.  The Complaint seeks to quiet title against "all Defendants," however Plaintiff alleges the only Wells Fargo claims an interest in the subject property as a trust deed beneficiary adverse to Plaintiff."  Compl. at ¶¶22-23.

Plaintiff also alleges a claim for Declaratory Relief seeking a "determination of the rights and duties of the parties associated with the Property" as well as a declaratory judgment against defendants "in an amount to be determined at trial," plus attorneys' fees and costs.  Compl. at ¶¶25-26, 28.  Plaintiff also asserts that as a result of the alleged negligence and/or misconduct of Wells Fargo, GCV and Golf Course Villas Homeowners' Association ("GCV HOA"), Plaintiff is unable to transfer ownership in his property free of legal uncertainty.  Compl. at ¶27.  Plaintiff, however, does not assert a cause of action for negligence against any defendant.

Plaintiff seeks judgment quieting title in his favor, a declaration of the rights and duties of the parties, specifically that Wells Fargo lacks a valid interest in the Property, a temporary restraining order and preliminary and permanent injunction on behalf of Plaintiff against Wells Fargo, and costs and other relief as deemed just under the circumstances.  Compl. at 2:19

III.    STATEMENT OF JURISDICTION

Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  As discussed herein, this action is removable under

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

28 U.S.C. §1441(a) because the district court has original jurisdiction under 28 U.S.C. § 1332 (diversity), venue is proper in the District of Nevada, and this Notice of Removal is timely filed.

### A. Complete Diversity Exists Among the Parties.

There is complete diversity between the parties because, as set forth in detail below, none of the properly joined Defendants are citizens of Nevada. At the time Plaintiff's Complaint was filed, Plaintiff was an individual residing in the County of Washoe, State of Nevada. (Compl. ¶ 1, "Plaintiff at all times mentioned herein was and is a resident and domicile of the State of Nevada".) Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. Wells Fargo is, and was at the time this action commenced, a citizen of South Dakota, the state listed on Wells Fargo's organization certificate. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."). The citizenship of Does 1-100 is disregarded for purposes of removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."). While Plaintiff has named GCV LP, a Nevada limited-partnership and GCV HOA, a Nevada non-profit corporation as individual defendants, their respective citizenship should not be considered because they each were purposefully and fraudulently joined solely to defeat diversity, as set forth below.

#### 1. Legal standard to disregard citizenship for purposes of diversity.

A fraudulently joined defendant will not defeat removal on diversity grounds. *Silon v. American Home Assurance Company*, 2009 WL 1090700, * 4 (D. Nev. 2009) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("fraudulently joined defendants will not defeat removal on diversity grounds.") "[A] defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory." *Ritchey*, 139 F.3d at 1318. In determining fraudulent joinder, "the Court may 'pierce the pleadings' and consider 'summary judgment-type evidence such as affidavits and deposition testimony.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995).)

"If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.,* 811 F. 2d 1336, 1339 (9th Cir. 1987) (finding that non-diverse defendants who were agents, and not acting on their own behalf, were fraudulently joined and their presence did not destroy diversity jurisdiction.)

### 2. GCV LP and GCV HOA are not real parties to the controversy.

Although there are some factual assertions made against GCV LP and GCV HOA, the Complaint alleges claims for quiet title and declaratory relief which are substantively asserted only against Wells Fargo.

Plaintiff's claim for quiet title is only clearly asserted against Wells Fargo and Does 1-10. Comp. at 4:3.   Although Plaintiff later states he seeks quiet title against "all Defendants," he states only that Wells Fargo claims an interest in the subject property as a trust deed beneficiary adverse to Plaintiff." Comp. at ¶22-23.   A quiet title claim requires a plaintiff to allege that the defendant is unlawfully asserting an adverse claim to title to real property." *Turbay v. Bank of Am., N.A.,* 2:12-CV-1367 JCM PAL, 2013 WL 1145212, at *4 (D. Nev. Mar. 18, 2013) (unpublished); *Kemberling v. Ocwen Loan Servicing, LLC,* 2:09–CV–00567–RCJ LRL, 2009 WL 5039495, at *2 (D. Nev. Dec. 15, 2009) (unpublished).  Plaintiff's Complaint does not allege that either GCV LP or GCV HOA has asserted any claim to the Property.

Similarly, despite including GCV LP and GCV HOA in the claim for declaratory relief, it is clear that Plaintiff seeks a determination by this Court regarding the property rights and duties of the parties associated with the Property.  This claim is not properly asserted against GCV LP or GCV HOA because no actual claim or controversy exists between Plaintiff and GCV LP or GCV HOA.   The Declaratory Judgment Act gives federal courts discretion to issue declaratory judgments, but only if an actual controversy exists in the court's jurisdiction. *See* 28 U.S.C. § 2201(a); *American States Ins. Co. v. Kearns,* 15 F.3d 142, 143 (9th Cir. 1994).  The Act does not provide an independent cause of action. *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exchange, Inc.,* 24 F.3d 427, 431 (2d Cir. 1994).   The threshold question before determining if a declaratory judgment is proper is whether there is an actual controversy between parties who have

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1   adverse legal interests. *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exchange, Inc.*, 24 F.3d

2   427, 431 (2d Cir. 1994).  Without such an allegation, or any basis to support such an allegation

3   (which has not been made), dismissal is proper as to Plaintiff's declaratory relief claim against the

4   GCV LP and GCV HOA.

5          That GCV LP and GCV HOA were fraudulently joined is made even more apparent by

6   Plaintiff's request for relief, which is solely directed towards Wells Fargo.  As explained above,

7   Plaintiff seeks judgment quieting title in his favor; for a declaration of the rights and duties of the

8   parties, specifically that Wells Fargo lacks a valid interest in the Property; for a temporary

9   restraining order and preliminary and permanent injunction on behalf of Plaintiff against Wells

10  Fargo; costs and other relief as deemed just under the circumstances. Compl. at p. 5.  Plaintiff

11  seeks no relief related to any purported claim against GCV LP or GCV HOA.  Because Plaintiff

12  has failed to state a claim against GCV LP and GCV HOA, their joinder in this action should be

13  deemed fraudulent.  Thus, GCV LP and GCV HOA should not be considered for purposes of

14  diversity. *Id.*

15         **B.     The Amount in Controversy Requirement Is Satisfied.**

16         The Action satisfies the jurisdictional amount required under 28 U.S.C. § 1332(a) because

17  Plaintiff's Complaint establishes that the amount in controversy exceeds the sum of $75,000.00.

18  "In a suit to quiet title, or to remove a cloud therefrom, it is not the value of the defendant's claim

19  which is the amount in controversy, but it is the whole of the real estate to which the claim

20  extends." *Allum v. Mortgage Elec. Registration Sys., Inc.,* 2:12-CV-00294-GMN, 2012 WL

21  4746927 (D. Nev. Oct. 3, 2012) (citing *Garfinkle v. Wells Fargo Bank,* 483 F.2d 1074, 1076 (9th

22  Cir.1973) (treating entire value of real property as amount in controversy in action to enjoin

23  foreclosure sale.)    In actions involving equitable relief, the standard is that the amount in

24  controversy may be measured by the value of the relief sought by plaintiff or the cost to defendant

25  if the relief is granted. *See Riddler Bros., Inc. v. Blethen*, 142 F.2d 395, 398-99 (9th Cir. 1944).

26  The United States Supreme Court further clarified that in actions for declaratory and injunctive

27  relief, "it is well established that the amount in controversy is measured by the value of the *object*

28

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1  *of the litigation.*" *Hunt v. Washington State Apple Advertising Com'n,* 432 U.S. 333, 347

2  (emphasis added).

3      Here, because Plaintiff seeks to quiet title to the Property, the "object of the litigation" is

4  the Property itself.  Plaintiff claims that as of August, 2013, he had an agreement to sell the

5  Property for $825,000.  *See* Compl. ¶17.   Thus, the value of the Property is well over the

6  $75,000.00 threshold and the aggregate amount of Plaintiff's claims amply satisfies the amount in

7  controversy requirement.

8      For this reason, and because this Action is between citizens of different states, this Court

9  has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a), and this case is

10  properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

11  **IV.    TIMELINESS OF AND CONSENT TO REMOVAL**

12      A defendant must remove the case to federal court within 30 days of receipt of the

13  complaint or "a copy of an amended pleading, motion, order or other paper from which it may

14  first be ascertained that the case is one which is or has become removable."  *See* 28 U.S.C. §

15  1446(b).  The thirty-day period for removal does not begin to run until a party has received a copy

16  of the complaint and been properly served.  *Murphy Brothers, Inc. v. Michetti Pipe Stringing,*

17  *Inc.*, 526 U.S. 344, 347-48 (1999).  Wells Fargo was served with the Summons and Complaint on

18  September 20, 2013 (*See* Notice of Service Process, attached with Ex. 1).   This Notice of

19  Removal is timely filed under 28 U.S.C. § 1446(b)(1) since thirty days from Wells Fargo's

20  receipt of the Summons and Complaint does not expire until October 20, 2013.

21      Moreover, in accordance with the requirements of 28 U.S.C. § 1446(a), a copy of the

22  Complaint and all other papers served on Wells Fargo and/or filed in the State Court Action as of

23  the filing of this Notice of Removal are attached hereto as **Exhibit 1**.  Wells Fargo will also

24  timely file a Notice of Removed Action in the Second Judicial District Court, Washoe County,

25  Nevada, a true and correct copy of which is attached hereto as **Exhibit 2**.  28 U.S.C. § 1446(d).

26  Wells Fargo is providing written notice to Plaintiff.  28 U.S.C. § 1446(d).  Wells Fargo reserves

27  the right to amend or supplement this Notice of Removal.

28

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

As a general rule, removal requires the consent of all co-defendants. "In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." *Jernigan v. Ashland Oil*, 989 F.2d 812, 815 (5th Cir. La. 1993). Because GCV LP and GCV HOA have each been fraudulently joined as a Defendant, their consent to removal is not needed. *See Simpson v. Union Pac. R.R. Co.*, 282 F. Supp. 2d 1151, 1157 (N.D. Cal. 2003) ("Fraudulent joinder provides an exception to the unanimity requirement, in that the consent of a fraudulently joined defendant is not required to remove a case.")

## V.    CONCLUSION

Because Wells Fargo has timely filed a notice of removal for which this Court has original, diversity jurisdiction, the Action is properly removed to this Court.

Dated: October 10, 2013                SNELL & WILMER L.L.P.


By:    /s/ Catherine M. O'Mara
       Richard C. Gordon, Esq.
       Catherine M. O'Mara
       50 W. Liberty Street, Suite 510
       Reno, NV 89501

*Attorneys for Defendant Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action.  On this date, I caused to be served a true and correct copy of the foregoing **PETITION FOR REMOVAL** by the method indicated:

| | |
|---|---|
| _____X_____ | U.S. Mail |
| _____ | U.S. Certified Mail |
| _____ | Facsimile Transmission |
| _____ | Overnight Mail |
| _____ | Federal Express |
| _____ | Hand Delivery |

and addressed to the following:

Robert A. Slovak
928 Northwood Blvd. #2
Incline Village, NV  89451

*Plaintiff*

DATED: October 10, 2013

_____/s/ Dawn Calhoun_____
An Employee of Snell & Wilmer LLP

18079287