Richard C. Gordon, Esq.
Nevada Bar No. 9036
Catherine M. O'Mara
Nevada Bar No. 12462
SNELL & WILMER L.L.P.
50 W. Liberty Street, Ste. 510
Reno, Nevada 89501
Telephone: (775) 785-5440
Facsimile: (775) 785-5441
rgordon@swlaw.com
comara@swlaw.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT A. SLOVAK, an individual<br><br>Plaintiff,<br><br>vs.<br><br>GOLF COURSE VILLAS HOMEOWNERS' ASSOCIATION; GOLF COURSE VILLAS LIMITED PARTNERSHIP; WELLS FARGO BANK, N.A., and DOES 1 - 10, Inclusive,<br><br>Defendants. | CASE NO. 3:13-cv-00569-RCJ-VPC<br><br>**WELLS FARGO BANK, N.A.'S MOTION TO DISMISS** |

COMES NOW Defendant Wells Fargo Bank, N.A., ("Wells Fargo"), by and through its counsel, the law firm of Snell & Wilmer L.L.P., and moves this Court to dismiss Plaintiff Robert A. Slovak's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

This Motion to Dismiss is based on the Memorandum of Points and Authorities herein, all papers on file with this Court, including the Request for Judicial Notice filed concurrently herewith, any documents incorporated by reference or attached to the Complaint, and any oral argument this Court may entertain.

Dated: October 17, 2013                    SNELL & WILMER L.L.P.


By:  /s/   Catherine M. O'Mara
Richard C. Gordon, Esq.
Catherine M. O'Mara
50 W. Liberty Street, Ste. 510
Reno, Nevada  89501
*Attorneys for Defendant Wells Fargo Bank, N.A.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Pro Se Plaintiff's Complaint is his second attempt to avoid his payment obligations to Wells Fargo. In his previous Complaint, Plaintiff unsuccessfully asserted a theory that Wells Fargo may not foreclose on the Deed of Trust until he was entitled to view an original Note. *See* 3:13-cv-00162-LRH-VPC. In this case, Plaintiff again seeks to avoid the consequences of his default, this time by asserting claims for quiet title and declaratory relief. Plaintiff seeks to quiet title against Wells Fargo who has merely recorded a Deed of Trust, signed by Plaintiff in which Plaintiff transferred his interest in the subject property to secure a loan of up to $275,000.00. Plaintiff seeks this relief despite being in default under his loan obligations. Moreover Plaintiff asserts that a Deed of Trust he executed in favor of Wells Fargo as beneficiary is somehow deficient and thus title should be clear in Plaintiffs name. Plaintiff's assertions lack merit. Plaintiff has defaulted on his loan obligations and is now using the judicial process to further delay paying Wells Fargo what it is contractually owed. Such procedural gamesmanship should not be tolerated by the Court and mandates the dismissal of Plaintiff's Complaint in its entirety.

### II.   FACTUAL BACKGROUND

Plaintiff asserts that he is the current owner of real property located at 928 Northwood Boulevard #2, Incline Village, NV 89451 (the "Property"). *See* Compl. at ¶1. Plaintiff acquired

2

title to the Property on September 16, 1996 by virtue of the Grant, Bargain, Sale Deed. *See* Complaint (Doc. 1-1), Exhibit 1. Wells Fargo has recorded a Deed of Trust against the Property that purportedly encumbers both the subject property as well as an undivided 1/14th interest in the Common Area associated with the subject property. Compl. at ¶14. The Deed of Trust secures a Loan made by Wells Fargo to Plaintiff in the amount up to $275,000.00 and was signed by Plaintiff on or about April 19, 2002. *See* Request for Judicial Notice, **Exhibit 1** (the "Deed of Trust"); **Exhibit 2** (the "Loan").

Plaintiff seeks to quiet title against Wells Fargo who claims an interest in the subject property as a trust deed beneficiary adverse to Plaintiff." Compl. at ¶¶22-23. Plaintiff alleges that Wells Fargo cannot encumber the Common Area because such encumbrance requires a membership vote of the Golf Course Villas Homeowners' Association ("GCV HOA"), and no such vote ever took place. Compl. at ¶15. Plaintiff concludes that Wells Fargo is limited to recording its Deed of Trust against Parcel 1. Compl. at ¶16.

Plaintiff also alleges a claim for Declaratory Relief seeking a "determination of the rights and duties of the parties associated with the Property" as well as a declaratory judgment against defendants "in an amount to be determined at trial," plus attorneys' fees and costs. Compl. at ¶¶25-26, 28. Plaintiff also asserts that as a result of the alleged negligence and/or misconduct of Wells Fargo, GCV and Golf Course Villas Homeowners' Association ("GCV HOA"), Plaintiff is unable to transfer ownership in his property free of legal uncertainty. Compl. at ¶27.

Plaintiff seeks judgment quieting title in his favor, a declaration of the rights and duties of the parties (specifically a declaration that Wells Fargo lacks a valid interest in the Property), a temporary restraining order and preliminary and permanent injunction on behalf of Plaintiff against Wells Fargo, as well as costs and other relief deemed just under the circumstances. *See* Compl., generally at p.5. Plaintiff seeks all remedies despite being in default under the Loan Agreement and Deed of Trust.

3

### III.   ARGUMENT

**A.   Legal Standard.**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir.1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

Materials that are attached to or incorporated by reference in the complaint, or are matters of judicial notice, may be considered in a Rule 12(b)(6) motion. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A document is incorporated by reference if the document is attached to the complaint, referred to extensively in the complaint, or forms the basis of a plaintiff's claim. *Id.* at 908. Additionally, a district court may consider materials in a 12(b)(6) motion to dismiss that are not part of the pleadings but that are "matters of public record" of which the court may take judicial notice pursuant to Federal Rule of Evidence 201. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

**B.   Plaintiff's Claim for Quiet Title Fails as a Matter of Law.**

Nevada statutes recognize an action for quiet title: "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to him, for the

purpose of determining such adverse claim." NRS § 40.010. To quiet title in his name, Plaintiff must do more than just challenge the title of Wells Fargo, Plaintiff must establish that he has good title. *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) (holding that "[i]n a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.") Additionally, an action to quiet title requires a plaintiff to allege that he has paid any debt owed on the property. *Blanchard v. JP Morgan Chase Bank*, 2012 U.S. Dist. LEXIS 38051, 2012 WL 959353 (D. Nev. Mar. 21, 2012). Moreover, Plaintiff is not entitled to equitable relief when he has failed to first tender and do equity himself. *Collins v. Union Fed. Sav. & Loan Assn.*, 662 P.2d 610, 622 (Nev. 1983).

Here, Plaintiff argues that Wells Fargo is not entitled to the full interest Plaintiff granted to it as beneficiary under the Deed of Trust because, as to the common area, a vote by the HOA was required and no such vote ever took place. Even assuming for the sake of this Motion that a vote was both required and never took place in order for the 1/14 interest in the Common Area to be transferred, Plaintiff is unable to quiet title in his favor. Plaintiff must show that he has clear title to the Property and he cannot. Plaintiff never alleges any facts demonstrating that he possesses good title to the Property or that he has paid any debt owed on the Property. (*See generally* Compl.) Accordingly, Plaintiff cannot establish a right to quiet title.

Moreover, Plaintiff has no interest in the Property that is adverse to Wells Fargo, as is an essential element of an action to quiet title. Plaintiff expressly agreed to and executed the Deed of Trust, which authorizes the beneficiary to sell the Property if Plaintiff defaults on the terms of the Note and Deed of Trust. Deed of Trust, ¶9. Failure to make payments is a default. Id. at ¶8. Under the Deed of Trust, Plaintiff "irrevocably grants, bargains, conveys and sells to Trustee, in trustee for the benefit of Lender with power of sale" the Property. Id. at ¶2. Because Plaintiff expressly agreed to the terms of the Deed of Trust when he agreed to borrow funds to purchase the Property, nothing in the Deed of Trust is adverse to Plaintiff's interest in the Property. Thus as a matter of law, Plaintiff has no interest adverse to Wells Fargo's.

C.     **Plaintiff's Claim for Declaratory Relief Fails as a Matter of Law.**

The Declaratory Judgment Act gives federal courts discretion to issue declaratory judgments, but only if an actual controversy exists in the court's jurisdiction. *See* 28 U.S.C. § 2201(a); *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). The Act does not provide an independent cause of action. *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exchange, Inc.*, 24 F.3d 427, 431 (2d Cir. 1994). Instead, declaratory relief is a request for a remedy, which depends upon the existence of some underlying cause of action. *Hearne*, 2010 WL 1815424, at *5; *Aguilar v. WMC Mortgage Corp.*, No. 3:08–cv–0500–ECR–RAM, 2010 WL 185951, at *4 (D. Nev. Jan 15, 2010.) The threshold question before determining if a declaratory judgment is proper is whether there is an actual controversy between parties who have adverse legal interests. *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exchange, Inc.*, 24 F.3d 427, 431 (2d Cir. 1994).

Plaintiff seeks a "determination of the rights and duties of the parties associated with the Property" as well as a declaratory judgment against defendants "in an amount to be determined at trial," plus attorneys' fees and costs. Compl. at ¶¶25-26, 28. Like his claim for quiet title, Plaintiff's claim for declaratory relief fails as a matter of law because there is no actual controversy between Plaintiff and Wells Fargo. Wells Fargo recorded a Deed of Trust executed and signed by Plaintiff in consideration for the Loan. Because Plaintiff agreed to the terms of the Deed of Trust, he cannot now assert that his interests are legally adverse to Wells Fargo. Further, as a claim for declaratory relief is not a separate substantive claim for relief, and because Plaintiff has failed to properly allege a claim for quiet title against Wells Fargo, the court need not discuss the likelihood of success on the merits of the claim for declaratory relief. *See Velazquez v. Mortg. Elec. Registration Sys.*, 2011 U.S. Dist. LEXIS 48898, 8-9, 2011 WL 1599595 (D. Nev. Apr. 27, 2011) *citing Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

/ / /

/ / /

/ / /

## IV. CONCLUSION

As set forth herein, Wells Fargo's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted in its entirety and Plaintiff's Complaint should be dismissed with prejudice.

Dated: October 17, 2013                    SNELL & WILMER L.L.P.


                                           By:   /s/ Catherine M. O'Mara
                                               Richard C. Gordon, Esq.
                                               Catherine M. O'Mara
                                               50 W. Liberty Street, Ste. 510
                                               Reno, Nevada  89501
                                               *Attorneys for Defendant Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **WELLS FARGO BANK, N.A.'S MOTION TO DISMISS** by the method indicated:

| | |
|---|---|
| __X__ | U.S. Mail |
| _____ | U.S. Certified Mail |
| __X__ | Facsimile Transmission |
| _____ | Overnight Mail |
| _____ | Federal Express |
| _____ | Hand Delivery |

and addressed to the following:

Robert A. Slovak
P.O. Box 5050
Incline Village, NV  89450-5050
Facsimile:  (714) 736-0153

*Plaintiff*

DATED: October 17, 2013

18086040

                                            /s/ Dawn Calhoun
                                      An Employee of Snell & Wilmer LLP