Richard C. Gordon, Esq.
Nevada Bar No. 9036
Kelly H. Dove, Esq.
Nevada Bar No. 10569
Jennifer L. McBee, Esq.
Nevada Bar No. 9110
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone:  (702) 784-5200
Facsimile:  (702) 784-5252
Email: rgordon@swlaw.com
       kdove@swlaw.com
       jmcbee@swlaw.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| ROBERT A. SLOVAK, an individual | CASE NO.  3:13-cv-00569-RCJ-VPC |
|---|---|
| Plaintiff, | **WELLS FARGO BANK, N. A.'S RESPONSE TO PLAINTIFF'S APPLICATION FOR EXTENSION OF TIME TO FILE MOTION FOR SANCTIONS** |
| vs. | |
| GOLF COURSE VILLAS HOMEOWNERS' ASSOCIATION; GOLF COURSE VILLAS LIMITED PARTNERSHIP; WELLS FARGO BANK, N.A., and  DOES 1 - 10, Inclusive, | |
| Defendants. | **(THIRD REQUEST)** |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its counsel, the law firm of Snell & Wilmer L.L.P., hereby responds Plaintiff's Application for Extension of Time to File Motion for Sanctions – Third Request [ECF No. 216] (the "Motion to Extend").  This Opposition is based upon the Memorandum of Points and Authorities below, the papers on file, and any oral argument that the court chooses to hear.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

In granting Plaintiff's second request for a lengthy extension of time to file a sanctions motion on July 17, 2018, Magistrate Judge Cooke made clear that the second extension was the last extension the Court would entertain, writing in longhand that "This is the <u>final</u> extension" on

the face of the Order. Plaintiff's reason for requesting a third extension – that counsel needs time to finish the motion and conduct the necessary legal research – is flummoxing, because counsel attached the sanctions motion to his Rule 11 safe harbor letter on July 19, 2018. Thus, while Wells Fargo does not understand the need for one additional day to file a motion that has been in final form for 29 days, Wells Fargo defers to the Court in determining whether Plaintiff is permitted to file that motion one day late.

However, to the extent the Motion to Extend is premised on Plaintiff's intention to file a sanctions motion that differs from the sanctions motion he attached to his July 19, 2018 safe harbor letter, Plaintiff's request is improper, and the Court should deny the request. Indeed, to file a sanctions motion that differs in any way from the motion already provided to Wells Fargo would fly in the face of Rule 11's requirement to serve the sanctions motion on the opposing party 21 days before filing it. In sum, Wells Fargo defers to the Court's discretion in whether to allow Plaintiff an additional day beyond the "final extension," but wholly opposes any attempt to file a Rule 11 motion that differs from the one attached to the safe harbor letter.

## II.     RELEVANT BACKGROUND

The purported "expert" Mr. Slovak retained examined a note and deed of trust in connection with his motion to enforce a settlement agreement on June 8, 2018, the deadline set by this Court. Plaintiff's counsel has been aware of the conclusions of Mr. Slovak's so-called expert since at least June 13. *See* Exhibit 1 (Email correspondence between counsel from June 12 to June 15).

At the settlement conference on June 20, Plaintiff's counsel represented to the Court Mr. Slovak's intention to file a sanctions motion presumably based on the authenticity of the relevant documents. The Court ordered that the plaintiff should have "no later than the close of business on Friday, July 6, 2018 to file whatever motion for sanctions he deems appropriate." (Minutes of Proceedings, June 20, 2018, Docket No. 202, p. 2.) The Court also acknowledged that, in the event that Plaintiff wished to file a Rule 11 motion, the Court was amenable to granting a motion for an extension of time to comply with the safe harbor provision of Rule 11, as the original July 6 deadline was not a full 21 days from the June 20 hearing.

On Friday July 6, 2018, the deadline to file the motion, Plaintiff filed an application for extension of time to file the motion for sanctions ("First Request"). The First Request contained representations by counsel to the Court that the motion was "almost finished," and that he would be able to file it as requested. (First Application for Extension, 1:23.) The First Request indicated the need for just a bit more time to finish drafting the arguments. While Wells Fargo wished to avoid any delay, it did not oppose the First Request, in part based on the representations contained therein. The Court granted the First Motion for Extension on July 11, 2018, making the new deadline July 13, 2018. (Order, Docket No. 203.)

Instead of filing the almost-complete motion for sanctions on July 13, 2018, as this Court ordered and allowed, Plaintiff instead filed a Second Application for Extension of Time to File Motion for Sanctions (the "Second Request"). The Second Request sought an additional 35 days from July 13, 2018 – 21 days for the Rule 11 safe harbor, and a further 14 to file the sanctions motion. Plaintiff requested up to and including August 16 to file the motion. Wells Fargo opposed the Second Request on the grounds that it was not filed in the spirit of the Court's allowance for the safe harbor period—due to the zero hour timing of the filing—and that Plaintiff's request was the result of his own dilatory conduct, as well as his wish to have this matter heard by a new judge. The Court granted the Second Motion for Extension on July 17, 2018, but wrote on the order that "This is the _final_ extension." (Order, Docket No. 211.)

On July 19, 2018, Plaintiff mailed his Rule 11 safe harbor letter to Wells Fargo's counsel, enclosing a copy of the Rule 11 sanctions motion that he intended to file. While Wells Fargo was not required by rule to do so, Wells Fargo responded to the safe harbor letter on August 10, 2018. Rather than filing his motion timely, Plaintiff moved for a puzzling Third Application for Extension of Time to File Motion for Sanctions (the "Third Request") of one day, which is currently before this Court.

### III.  ARGUMENT

Plaintiff has been given a total of 57 days to file his sanctions motion (the amount of time between June 20, the date of the settlement conference, and August 16, the previously-ordered filing deadline).  Plaintiff's unwillingness or inability to file his sanctions motion within the generous deadline extensions already granted by the Court should not be accommodated ad infinitum.  However, given the brief nature of the requested extension, Wells Fargo simply defers to the Court as to that aspect of the request.

The basis for Plaintiff's Third Request is concerning for the additional reason that Plaintiff's counsel again claims to be "almost finished with the motion … and is finalizing the motion, declaration in support, and accompanying exhibits." (Third Request, 1:23-24.)  Notably, this was the identical reason given for the Second Request, which was submitted to the Court 34 days before the Third Request.  To suggest that counsel is still at the same stage of drafting – 34 days later – is doubtful.  More importantly, the sanctions motion has been in final form for almost a month because it was attached to the safe harbor letter mailed on July 19.  Any attempt to file a different Rule 11 motion would violate Rule 11(c)(2)'s requirement that the movant to serve the actual motion on the opposing party at least 21 days before filing it.  Fed. R. Civ. P. 11(c)(2); *see also Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998).

### IV.  CONCLUSION

For the foregoing reasons, Wells Fargo defers to the Court's discretion in whether to allow Plaintiff an additional day beyond the "final extension," but wholly opposes any attempt to file a Rule 11 motion that differs from the one attached to the safe harbor letter.

Dated: August 17, 2018.                    SNELL & WILMER L.L.P.

/s/ *Kelly Dove*
Richard C. Gordon (NV Bar No. 9036)
Kelly H. Dove (NV Bar No. 10569)
Jennifer L. McBee (NV Bar No. 9110)

*Attorneys for Defendant Wells Fargo Bank, N.A.*

- 4 -

4848-3975-0512

# CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2018, I electronically filed under seal the foregoing **WELLS FARGO BANK, N. A.'S RESPONSE TO PLAINTIFF'S APPLICATION FOR EXTENSION OF TIME TO FILE MOTION FOR SANCTIONS (THIRD REQUEST)** with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system.

>Tory M. Pankopf, Esq.
>Law Offices of Tory M. Pankopf, Ltd.
>748 South Meadows Parkway, Suite 244
>Reno, NV 89521
>Email: tory@pankopfuslaw.com

DATED this 17th day of August, 2018.

>    */s/ Gaylene Kim*
>    An Employee of Snell & Wilmer L.L.P.