**TORY M. PANKOPF, ESQ., SBN 7477**
**LAW OFFICES OF TORY M PANKOPF, LTD**
748 S Meadows Parkway, Suite 244
Reno, Nevada 89521
Telephone: (775) 384-6956
Facsimile:  (775) 384-6958
tory@pankopfuslaw.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT A. SLOVAK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GOLF COURSE VILLAS HOMEOWNERS' ASSOCIATION; GOLF COURSE VILLAS LIMITED PARTNERSHIP; WELLS FARGO BANK, N.A., and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: 3:13-cv-569-MMD-CBH<br><br><br><br>**MOTION FOR SANCTIONS** |

Plaintiff ROBERT SLOVAK[1] ("Plaintiff" or "Mr. Slovak"), through his attorney of record, the Law Offices of Tory M. Pankopf Ltd., pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"), 28 U.S.C. § 1927 ("Section 1927"), and this Court's inherent power, move this Court for an order requiring Defendant WELLS FARGO BANK, N.A. ("Defendant" or "Wells Fargo")(collectively, "Parties") and its attorneys of record Kelly Dove[2] ("Ms. Dove"), Catherine M. O'Mara ("Ms. O'Mara"), and Richard C. Gordon ("Mr. Gordon")(collectively, "Counsel") and the Law Offices of Snell & Wilmer to show cause why they should not be sanctioned, jointly and

---

[1] Mr. Slovak and his brother were among the early developers of Reverse Osmosis technology.  Attached to his declaration as Exhibit "1" is a true and correct copy of his biography.

[2] Mr. Slovak only seeks sanctions against Ms. Dove pursuant to the Court's inherent power and Section 1927.

severally, by this Court including monetarily to the extent of reimbursing Plaintiff for his costs, fees, and expenses incurred relating to this instant matter of the failure to produce the original note and original deed of trust.

This motion is supported by the accompanying Memorandum of Points and Authorities, the forensic document examiners' ("FDE") reports previously lodged with the Court (Dkt. Nos. 212-1 and 212-2), together with all pleadings and papers on file herein, and any oral argument requested by the Court.

## I. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Gravamen of Mr. Slovak's Motion for Sanctions.

Mr. Slovak respectfully submits that his motion for sanctions ("Motion") should be summarily granted. The gravamen of Mr. Slovak's Motion and the relevant issues presently before the Court for review and consideration are rather simple and straightforward. That is, "Did Wells Fargo Bank produce the *original* promissory note and the *original* deed of trust on June 8, 2018, for forensic examination, as represented and as promised by Wells Fargo and its legal counsel, Ms. Dove, and as ordered by the Court during the parties' May 10, 2018, Court proceedings? And if not, why not?" Wells Fargo recently again avoided answering a similar question, to wit:

> Law Offices of
> **TORY M. PANKOPF, LTD.**
> California State License 202351 ● Nevada State Bar License 7477
> 748 South Meadows Parkway, Suite 244
> Reno, Nevada  89509
> Telephone  (775) 384-6956
> Facsimile  (775) 384-6958
> E-mail tory@pankopflaw.com
>
> August 16, 2018
>
> Kelly H. Dove, Esq.
> SNELL & WILMER
> 3883 Howard Hughes Parkway
> Las Vegas, Nevada  89169
>
> **VIA E-mail: kdove@swlaw.com**
>
> Re:   *Slovak v. Wells Fargo Bank, N.A.*, Case No. 13-cv-00569-MMD-CBH
>
> Dear Ms. Dove:
>
> Are you unequivocally representing your client produced the original note and deed of trust at your office on June 8, 2018?
>
> Sincerely,
>
> *Tory M. Pankopf, Ltd.*
>
> s/Tory M. Pankopf
>
> Tory M. Pankopf
> Attorney and Counselor at Law
>
> TMP/pap
>
> cc:   Robert Slovak
>        Scott D. Johannessen, Esq.

To date, Wells Fargo has not directly or properly addressed any of these salient concerns. Instead, it has chosen to raise all manner of subterfuge and obfuscation and now essentially attempts to conflate the entirety of a years-long case and some collateral legal issues into what should be a brief and focused Court hearing, i.e., addressing Mr. Slovak's Motion.  Even after being provided sufficient time to do exactly what it said it would do and what the Court ordered it to do, Wells Fargo still has not answered, by act or by deed, these matters of significant material import and bearing on the conclusion of the settlement put on the record over four years ago. Wells Fargo's perennial shell games and stratagem of "hide the ball" need to stop.  Oftentimes justice delayed truly can be justice denied.  Accordingly, Mr. Slovak respectfully seeks the help of this Court to compel what is fair and what is right.  In other words, justice served.

### B.  The Parties' Settlement and The Ninth Circuit Court of Appeals Reversal and Remand.

The parties settled this case on June 3, 2014.  As part of the settlement Wells Fargo was obligated to return to Mr. Slovak the original note and deed of trust.  Indeed, on January 20, 2015, Ms. O'Mara and Mr. Gordon signed a court document (Dkt. No. 123) [3] *unequivocally stating that Wells Fargo Wells would produce the original note.*[4]  But Wells Fargo resisted and delayed.  And resisted again.  Wells Fargo refused to abide by the terms of its own settlement agreement. Wells Fargo failed to give Mr. Slovak what he bargained for - the original note and deed of trust.

Ironically, and even though it was the breaching party, Wells Fargo filed a motion to enforce the Parties' settlement. Surprisingly, the Court granted Wells Fargo's motion (Dkt. No. 128) [5], effectively relieving Wells Fargo of its obligation to return the original note and deed of trust and denying Mr. Slovak what he bargained for in settlement.  An appeal to the Ninth Circuit ensued.

---

[3] Case 3:13-cv-00569-RCJ-VPC Document 128 Filed 03/31/15

[4] Attached hereto as Exhibit "3" is a true and correct copy of the reply.  See page 2, lines 8-9 of Reply filed concurrently herewith.

[5] Attached hereto as Exhibit "4" is a true and correct copy of the order.  Case 3:13-cv-00569-RCJ-VPC Document 128 Filed 03/31/15

- 3 -

Motion for Sanctions

The Ninth Circuit found in favor of Mr. Slovak and reversed this Court's previous decision in favor of Wells Fargo. (Dkt. No. 140) [6] Specifically, the Ninth Circuit found:

> Nevada law "governs whether [the parties] reached an enforceable [settlement] agreement." *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014). Under that law, the district court could neither force Slovak to accept terms he had not consented to,1 nor "alter the terms" of the oral agreement. Moreover, to the extent that the district court interpreted the plain terms of the oral agreement to exclude the requirement that Wells Fargo actually return the promissory note and the deed of trust, it erred; it improperly altered the terms of the oral agreement. Even if the district court, or we, could not perceive why Slovak demanded the return of the deed of trust and the note, he bargained for and insisted upon precisely those terms when he accepted the oral agreement in open court. The district court abused its discretion when it ordered him to perform pursuant to the different terms of the proposed agreement. See *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994).

After remand to this Court Mr. Slovak filed a motion to enforce the settlement agreement. At the hearing on Mr. Slovak's motion Ms. Dove notified the Court that Wells Fargo found the *original* deed of trust. [7]

On May 10, 2018, Ms. Dove, Wells Fargo's attorney in this case and an officer of the Court, represented and presented to this Court and Mr. Slovak what she claimed to be the *original* note and *original* deed of trust. [8] During that hearing Ms. Dove also represented that neither Wells Fargo nor Ms. Dove would produce "fake documents". [9] Accordingly, after Wells Fargo represented time and again in open Court and filed documents that it would produce the *original* note and the *original* deed of trust and after the Ninth Circuit's decision requiring Wells Fargo to do so, this Court ordered Wells Fargo to produce the *original* note and *original* deed of trust for inspection by Mr. Slovak's forensic

---

[6] Attached hereto as Exhibit "5" is a true and correct copy of the opinion.

[7] Attached as Exhibit "6" to the Declaration of Tory M. Pankopf filed under seal ("Pankopf Declaration") is a true and correct copy of the February 23, 2018, sealed transcript. See page 10, lines 21-22.

[8] Attached as Exhibit "7" Pankopf Declaration is a true and correct copy of the transcript. See pages 3, lines 22-24 and 4, lines 19-22.

[9] See page 27, lines 12-15.

document examiner ("FDE") at Snell & Wilmer's Las Vegas, Nevada office.[10] Wells Fargo was required to produce both documents no later than June 8, 2018.[11] What Wells Fargo did next is inexcusable.

On June 8, 2018, the purported original note and deed of trust were produced and examined by Dr. James Kelley[12], a computer expert and the colleague of Mr. Slovak's expert, Gary Michaels[13]. Dr. Kelley has more than 30 years' experience in military and commercial computer systems development.  He has developed, manufactured and sold more than one hundred computer software, hardware and systems products. He applies his computer skills to the detection of computer-generated documents using scanner, microscopes, sophisticated computer programs, and printers. Nondestructive testing and methods are used.

Dr. Kelley collected the forensic data from the note and deed of trust presented by digitally scanning them at an extremely high resolution and digitally photo graphing them with his microscopic camera.  Thereafter, the data collected by Dr. Kelley was reviewed and analyzed by both experts.  On June 18 and 19, Dr. Kelley and Mr. Michaels presented their respective reports to Mr. Slovak. (Dkt. Nos. 212-1 and 2)[14]  Both reports concluded the note and deed of trust presented at the examination were not the originals as represented by Ms. Dove and Wells Fargo and as ordered by this Court.

When all was said and done, the forensic data revealed the note and deed of trust's digital fingerprints.  The blue ink found on the note and deed of trust when magnified 100s of times revealed anomalies within and around it which are not visible to the naked eye.  These anomalies include but are not limited to: 1) magenta ink within the blue ink; 2) magenta and cyan ink droplets or satellites around the blue ink; and 3) overspray around the blue ink.  Dr. Kelly also found that the size of the pages did not reflect the original sizes.  For example, the pages were originally 8 ½ x 14" but measured

---

[10] See pages 28, lines 9-17, and 29, lines 13-24.

[11]  Id.

[12] Attached hereto as Exhibit "8" is a true and correct copy of Dr. Kelley's curriculum vitae ("C.V.").

[13] Attached hereto as Exhibit "9" is a true and correct copy of Gary Michaels curriculum vitae ("C.V.").

[14] Both reports have been lodged with the court on July 18, 2018, (Court Document 212) and are attached hereto as Exhibits "10" and "11".

short of that dimension.  Dr. Kelley and Mr. Michaels each concluded that the note and deed of trust were created by an inkjet printer. In other words, they were   not originals.

Thereafter, Counsel for Mr. Slovak requested Wells Fargo produce an affidavit verifying the authenticity of the note and deed of trust it produced at the examination, Ms. Dove refused to provide it.[15]  To this day Wells Fargo refuses to confirm that the note and deed of trust produced for examination on June 8, 2018 – as represented by its attorney and as ordered by the Court – were the originals.  Even after Wells Fargo's own representations of intended compliance; even after Wells Fargo was ordered to produce for examination two specific documents crucial to the Parties' settlement; and even after the Ninth Circuit upheld Mr. Slovak's right to receive what he bargained for in settlement, Wells Fargo remains obstinate and indifferent to the fulfilment of its obligations.

On June 20, 2018, a status hearing was held in this case.  At the hearing Mr. Slovak advised the Court and counsel of his experts' conclusions and Mr. Slovak's intent to file a motion for sanctions for Wells Fargo's misrepresentations and noncompliance with this Court's orders. The instant motion followed.

### C.  LEGAL STANDARDS GOVERNING MOTION FOR SANCTIONS

Federal courts derive their power to sanction any attorney, law firm, or party from three primary sources: Rule 11, Section 1927, and the inherent power of the court. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 41, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (discussing the three sources of sanctions for consideration by the courts of appeal).  Each source sanctions different conduct and a different wrongdoer.  Rule 11 governs any pleading, written motion, or other paper filed with the court, and applies equally to attorneys, law firms, and parties.  Fed. R. Civ. P. 11(b).

Section 1927 addresses sanctionable misconduct over and above what is otherwise provided by Rule 11, though the scope of sanctionable conduct available under Rule 11 and Section 1927 often overlap and apply only to attorneys and other persons admitted to conduct cases in U.S. courts.  Danielle Kie Hart, *And the Chill Goes on – Federal Civil Rights Plaintiffs Beware: Rule 11 Vis-À-Vis 28 U.S.C. § 1927 and the Court's Inherent Power*, 37 Loy. L.A. L. Rev. 645, 653 (2004).  "'[A]cts which degrade the judicial system,' including 'attempts to deprive the Court of

---

[15] Attached hereto as Exhibit "12" are true and correct copies of the email communications between counsel.

jurisdiction, fraud, misleading and lying to the Court,'" however, are sanctioned through the court's inherent power. *Chambers*, 501 U.S. at 42 ("The wielding of that inherent power is particularly appropriate when the offending parties have practiced a fraud upon the court.").

### 1. Sanctionable Conduct

Wells Fargo's conduct is sanctionable pursuant to the Court's inherent power and Rule 11. Counsels' conduct is sanctionable pursuant to the Court's inherent power, Rule 11, and Section 1927.

The reply to Plaintiff's opposition to Wells Fargo's motion to enforce the settlement agreement states Wells Fargo will exchange the original note to Plaintiff in exchange for Plaintiff's $280,000.00 payment. (Dkt. No.123). The statement is not supported by evidence and is false. Wells Fargo's litigation manual provides that upon referral to foreclosure, the Wells Fargo will ship the original note to the attorney's office.[16] If it is not received by counsel by third business day of the referral date, counsel must advise Wells Fargo.[17] Counsel and Wells Fargo have had ample opportunity to correct the false statement given Dr. Kelley's and Mr. Michaels' reports lodged with the Court on July 18, 2018. Counsel has had ample opportunity to review the reports. Moreover, counsel and Wells Fargo were given the opportunity to double down on their statement made in pleading and Ms. Dove's representation at the May 10, 2018, status hearing regarding the authenticity of the note and deed of trust. Ms. Dove was asked if she would provide an affidavit from Wells Fargo attesting to the authenticity of the note and deed of trust presented at the hearing of May 10, 2018, and the examination of June 8, 2018, but refused.

The statement is a material misrepresentation as to their intent to produce the original note in exchange for Plaintiff's payment. Their refusal to provide an affidavit that the note and deed of trust are authentic is indicative of Counsels' and Wells Fargo's knowledge that the note and deed of trust were, in fact, fabricated by Wells Fargo and presented at the examination as originals. Given Wells Fargo would have provided the collateral file to counsel shortly after this case was filed in 2013, Counsel and Wells Fargo would have had actual knowledge at that time that the collateral file did not

---

[16] Attached as Exhibit "13" is a true and correct copy of Wells Fargo's litigation manual.

[17] Id. at top of page 15, Step 1, Missing note process.

contain the original note and original deed of trust and that they were not in possession of either of them.  Moreover, Ms. Dove stated at the hearing on February 23, 2018, that:

> "We have since discovered that Wells Fargo does have possession of the original deed of trust"

Presumably, the reason Wells Fargo refused to abide by the actual terms of the settlement agreement was because they did not have the original deed of trust and could not give it to Mr. Slovak. Miraculously, after more than four years since the settlement and countless dollars spent in litigation, Wells Fargo purportedly found the original deed of trust.

The reports confirm digital fingerprint obtained from the note and deed of trust is incontrovertible physical evidence that the blue ink on the note and deed of trust was, in fact, created by an inkjet printer.  That is when magnified 100s of times magenta and cyan ink are seen within and around the blue ink.  Satellite droplets of magenta ink and overspray are also seen surrounding the blue ink.  Given the conclusions interpreting the incontrovertible physical evidence, Wells Fargo's miraculous discovery of the deed of trust after four years, and counsel and Wells Fargo's refusal to provide an affidavit attesting to the authenticity of the note and deed of trust demonstrates their actual knowledge the note and deed of trust were fabricated for the purpose of deceiving this Court and Mr. Slovak.   Counsel and Wells Fargo's conduct has unnecessarily delayed this process and increased the cost of litigation.

### 2.  Rule 11 Violation.

The central goal of Rule 11 sanctions is the deterrence of baseless filings and the curbing of abuses of the judicial system. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397, 110 S. Ct. 2447, 2457 (1990); *Kirschner v. Zoning Bd. of Appeals*, 159 F.R.D. 391, 395 (E.D.N.Y. 1995) citing *Cooter & Gell v. Hartmarx Corporation*, 496 U.S. 384, 393, 110 S. Ct. 2447, 2454, 110 L. Ed. 2d 359 (1990); *McMahon v. Shearson/American Express, Inc.*, 896 F.2d 17, 21 (2d Cir. 1990) (Rule 11 was enacted to "discourage dilatory and abusive litigation tactics and eliminate frivolous claims and defenses, thereby speeding up and reducing the costs of the litigation process.").  Rule 11 requires that all allegations of a pleading or other paper have evidentiary support.  Moreover Rule 11 prohibits the filing of a pleading or other paper for an improper purpose.

Given Wells Fargo's fabrication of the note and deed of trust, counsels' knowledge that their client did not have the original note and deed of trust in its possession, Pursuant to Rule 11 (c)(2), Plaintiff is entitled to a sanction including ordering Wells Fargo and their counsel to pay Mr. Slovak's reasonable attorney's fees and other expenses incurred as a direct result of the Rule 11 violation which are set forth in the Pankopf Declaration.

### a.   Certificate of Rule 11 (c) (2) Service.

As set forth in the accompanying Certificate of Service, Pursuant to Rule 11 (c) (2), on July 18, 2018, this Motion was served upon Kelly Dove, Esq., from Snell & Wilmer, counsel for Wells Fargo.

### 3.   Section 1927 Sanctions.

A court has discretion to order sanctions pursuant to 28 U.S.C. § 1927 for an attorney's reckless conduct.  *Arroyo v. Cont'l Airlines, Inc.,* 173 F. App'x 634, 635 (9th Cir. 2006) citing *Chambers,* at 45-46.  Section 1927 allows the award of sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." Id.  The imposition of liability under this statute requires a finding that an attorney has acted "recklessly or in bad faith." *United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1346 (9th Cir. 1985) citing *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983); *Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir. 1982).  Statements such as "undoubtedly unmeritorious" and "vexatious litigation which has unreasonably increased the costs and multiplied the proceedings in this court," made after full hearings, are sufficient under Associated Convalescent Enterprises.  *Id.*

If the facts relied upon by the district court to establish a violation of the Rule are disputed on appeal, the factual determinations of the district court are reviewed under a clearly erroneous standard.  *In re Peoro*, 793 F.2d 1048, 1050 (9th Cir. 1986).  If the legal conclusion of the district court that the facts constitute a violation of the Rule is disputed, the legal conclusion is reviewed de novo.  Id.  Finally, if the appropriateness of the sanction imposed is challenged, the sanction is reviewed under an abuse of discretion standard.  *Id.*

For the reasons stated above, Counsel has known sense the onset of this litigation that Wells Fargo did not have the original note and deed of trust.  As of the lodging of the experts' reports they

have had conclusive proof the note and deed of trust presented at the examination were at best copies, and at worst fabricated forgeries. They have had the opportunity to provide a declaration from Wells Fargo that the note and deed of trust were authentic but refused. Their conduct was calculated to mislead Mr. Slovak and this Court. Their conduct has been intentional and reckless. And has driven up the cost of this litigation. Based thereon counsel should be sanctioned for their conduct.

### 4. Court's Inherent Powers.

In discussing the foundation of a federal court's inherent power, the Supreme Court has emphatically rejected the notion that the advent of 28 U.S.C. § 1927 and the sanctioning provisions in the Federal Rules of Civil Procedure displaced the inherent power to impose sanctions for bad faith conduct. *Miller v. Cardinale* (In re DeVille), 361 F.3d 539, 551 (9th Cir. 2004) citing *Chambers*, 501 U.S. at 49-50 (holding that a court "may safely rely on its inherent power" as a sanctioning tool in instances when statutes or rules prove inadequate to remedy misconduct). A "fraud on the court" occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense. *Alexander v. Robertson,* 882 F.2d 421, 424 (9th Cir. 1989). This Court has discretion to impose sanctions under its inherent powers if it first makes a finding of bad faith. *Fink v. Gomez,* 239 F.3d 989, 993-94 (9th Cir. 2001) (stating that bad faith is present when recklessness is "combined with an additional factor such as frivolousness, harassment, or an improper purpose.").

Wells Fargo's fabrication of the note and deed of trust and presentation for examination on June 8, 2018, is a fraud upon this Court and Mr. Slovak. Counsel's complicity in the fraud is apparent from her refusal to provide an affidavit from Wells Fargo after the fraud was discovered, her review of the experts' reports, and the lack of any admissible evidence contradicting the experts' reports. Based thereon, Wells Fargo and counsel should be sanctioned pursuant to this Court's inherent power.

### D. CONCLUSION

For the foregoing reasons Plaintiff, pursuant to Federal Rule of Civil Procedure 11, respectfully requests that the Court sanction Wells Fargo and Ms. O'Mara and Mr. Gordon, for filing a reply that lacks evidentiary support, knowingly making material misrepresentations of fact, and was advanced for the improper purpose of coercing Mr. Slovak to pay the monies agreed to in the settlement in return for the fabricated note and deed of trust.

Plaintiff, pursuant to Section 1927, respectfully request the Court sanction counsel for unreasonably and vexatiously multiplying the proceedings in this case by participating in Wells Fargo's scheme to defraud the Court and Mr. Slovak.

Plaintiff, pursuant to this Court's inherent power, respectfully request the Court sanction Wells Fargo and counsel for defrauding the Court and Mr. Slovak by fabricating the note and deed of trust and presenting them as originals at the examination on June 8, 2018.

Plaintiff respectfully requests attorneys' fees, costs, and other expenses in the amount of $83,440.91.[18]

Dated: August 16, 2018

                                          s/Tory M Pankopf
                                          Tory M Pankopf
                                          Attorney for Plaintiff

---

[18] Attached hereto as Exhibit "14" are true and correct copies of Mr. Slovak's legal bills. See Pankopf Declaration.