# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT A. SLOVAK, | 3:13-cv-00569-MMD-CBC |
| Plaintiff, | |
| v. | **ORDER** |
| GOLF COURSE VILLAS HOMEOWNERS AOSSICATION, *et al.*, | |
| Defendants. | |

Plaintiff Robert A. Slovak ("Slovak") filed this lawsuit in 2013 seeking quiet title and declaratory relief related to a condominium properly located in Incline Village, Nevada. After several years of litigation, a settlement was reached between the Wells Fargo and Slovak in June 2014. Pursuant to the terms of the agreement, Mr. Slovak agreed to pay Wells Fargo $280,000. In return, Wells Fargo agreed to provide Mr. Slovak with the deed of trust, the note, and to reconvey the property to him. To date, over four years later, the terms of that settlement agreement have yet to be consummated. The primary contention between the parties remains the issue of whether the documents tendered by Wells Fargo, are, in fact, the original note and deed of trust required to be delivered pursuant to the terms of the parties' agreement.

On November 28, 2018, the court held a hearing on Mr. Slovak's motion for sanctions. (ECF No. 244). At the hearing, Mr. Slovak requested that the court bifurcate the hearing into two parts. (ECF No. 249 at 204-2011). In essence, this request required that the court first make a determination as to whether Mr. Slovak's experts and their opinions would be deemed admissible by the court and rule on his motion for sanctions. Regardless of the court's determination relative to the motion for sanctions, the second part of the hearing would require the court to hold a separate hearing to determine

whether the documents tendered by Wells Fargo are, in fact, the authentic originals. The court granted the request for bifurcation and the bifurcated hearing is currently set for February 7-8, 2019. (*Id.* at 219-220).

After reviewing the final transcript of that hearing and considering the various filings the court concluded that it could issue its ruling on the first aspect of the requested bifurcation without any further testimony or evidence. Therefore, on January 15, 2019, the court issued its order denying Mr. Slovak's motion for sanctions. (ECF No. 250). The court concluded plaintiff's expert, Dr. James E. Kelley was not a qualified expert and that the expert reports of both Dr. Kelley and Mr. Gary Michaels were not admissible and would not be considered by the court. (*Id.*) Based on this ruling, there is no evidence in the record that supports any continued contention by Mr. Slovak that the documents tendered by Wells Fargo are *not* the originals. Rather, this contention appears to be based upon Mr. Slovak's attorneys' suggestion that the documents may still be copies and there is no evidence to show that the documents "are" the originals at this time.

Whether this assertion has merit or not, the fact remains Wells Fargo has tendered documents that it contends are the original documents. In doing so, Wells Fargo has established that it stands ready, willing and able to finalize the terms of the settlement agreement in the event the court determines the documents at issue are the originals following the bifurcated hearing. By contrast, to date, Mr. Slovak has also never established or provided any evidence or proof that he is ready, willing and able to finalize the terms of the settlement upon an order of the court to do so.

As such, the court is vacating the currently scheduled bifurcated hearing at this time until the court is satisfied that both parties are ready, willing and able to perform under the terms of the previously agreed upon settlement if the court finds that the documents are the originals. Therefore, prior to rescheduling the bifurcated hearing, the court orders Mr. Slovak to provide proof that he is ready, willing and able to finalize the terms of the settlement agreement in the event the court concludes the documents

previously tendered by Wells Fargo are the originals. Therefore, Mr. Slovak shall deposit $280,000 with the Clerk of Court on or before Monday, March 25, 2019.

These funds will be deposited into an interest-bearing account and will be held until a resolution is reached on the issues surrounding the originality of the documents in question and whether the settlement will be enforced. Upon receipt of proof that Mr. Slovak has deposited the funds as ordered, the court will set a status conference with the parties to determine the next steps in this litigation.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the currently scheduled hearing set for February 7-8, 2019 is hereby vacated.

**IT IS FURTHER ORDERED** that Mr. Slovak shall deposit $280,000 with the Clerk of Court on or before Monday, March 25, 2019 pursuant to LR 67-1. The funds shall be held in an interest-bearing account established by the Clerk pursuant to LR 67-2.

**DATED**: January 22, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**