UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT A. SLOVAK,<br><br>                        Plaintiff,<br><br>    v.<br><br>GOLF COURSE VILLAS HOMEOWNERS AOSSICATION, *et al.*,<br><br>                        Defendants. | Case No. 3:13-cv-00569-MMD-CLB<br><br>ORDER |

Plaintiff Robert A. Slovak has filed an untimely objection to Magistrate Judge Carla L. Baldwin's order directing him to deposit $280,000 ("2020 Deposit Order") with the Clerk of the Court (ECF No. 282) ("Objection"). (ECF No. 283.) The Objection seeks clarification and review of the order under, among other provisions, 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(a). The Court construes Plaintiff's Objection as a challenge to Judge Baldwin's non-dispositive pretrial ruling[1], to which 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) apply.[2] The Court declines to consider the merits of Plaintiff's Objection because its filing is so egregiously untimely.[3]

---

[1] *See* LR 1-3 ("A magistrate judge may hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A).").

[2] The Court disagrees with Plaintiffs' apparent position that Judge Baldwin's order is a dispositive ruling or not a pretrial order. (*E.g.*, ECF No. 288 at 1.) There has been no final determination in this case and while the parties have reached an agreement (*see,* ECF No. 283-1), no settlement agreement has been finalized or enforced (*see, e.g.*, ECF Nos. 140, 283-1). In any event, Plaintiff makes the noted argument in an improper reply, which the Court notes *infra* will be stricken.

[3] In addition to the Objection, the Court has considered Wells Fargo's response (ECF No. 287) and the related briefing, including Well Fargo's motion to strike the reply (ECF Nos. 288, 289, 290). The Court will grant the motion to strike and will not address it

Under Fed. R. Civ. P. 72(a) a party wishing to object to a magistrate judge's pretrial order must do so "within 14 days after being served with a copy" of the order. The Court's relevant Local Rule sets the same timeline. *See* LR IB 3-1. Judge Baldwin issued the 2020 Deposit Order on March 2, 2020. (ECF No. 282.) Plaintiff filed the Objection on April 27, 2020—nearly two months after the order was entered. (ECF No. 283.) Plaintiff does not even endeavor to address his delay in filing the Objection. Plaintiff's failure to do so is particularly remarkable because the 2020 Deposit Order was unequivocally issued in the interest of judicial economy and made for the purpose of efficiently moving this case along. (*See* ECF No. 282.) To be sure, the order was prompted by the fact of the parties' long-unconsummated settlement agreement (*see* ECF Nos. 282, 140, 283-1) in a case which has been ongoing since 2013 (ECF No. 1). That Plaintiff is represented by counsel makes the extent of his belated filing even more inexcusable. In the interest of judicial efficacy, the Court will deny the Objection as untimely raised.

It is therefore ordered that Plaintiff's Objection (ECF No. 283) is denied.

It is further ordered that Defendant Wells Fargo's motion to strike (ECF No. 289) is granted. Plaintiff's improper reply (ECF No. 288) is stricken.

DATED THIS 4th day of June 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

further. Under the relevant Local Rule, LR IB 3-1, replies are not allowed to an objection without first obtaining leave of court. Plaintiff did not seek leave of court to file the reply—ECF No. 288. The reply is therefore stricken.