# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

ROBERT SLOVAK,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., *et al.*,

    Defendants.

Case No. 3:13-CV-0569-MMD-CLB

**ORDER RE: MOTION FOR RELEASE OF FUNDS FROM COURT-ORDERED BLOCKED ACCOUNT TO CONSUMMATE SETTLEMENT**

[ECF No. 370]

Before the Court is Plaintiff Robert Slovak's ("Slovak") motion for release of funds from court-ordered blocked account to consummate settlement, (ECF Nos. 370, 371).[1] Defendant Wells Fargo Bank, N.A., ("Wells Fargo") filed a motion for leave to file its opposition to Slovak's motion for release of funds, (ECF No. 373), in addition to its opposition to the motion. (ECF No. 374.) That same day, Slovak filed a notice of appeal and Ninth Circuit Rule 3-2 representation statement. (ECF No. 375.) Slovak is appealing the District Court's order, ECF No. 372, which overruled Slovak's objection to the Magistrate Judge's order, ECF No. 362.

The Court granted Wells Fargo's motion for leave to file its opposition and additionally granted leave to Slovak to file a reply in support of his motion on or before October 19, 2021. (ECF No. 377.) In lieu of filing a reply, Slovak filed a document titled: "Notice Regarding Plaintiff's Availability and Intent to File Reply Following Pendency of Appeal." (ECF No. 380.)[2] The Court construes this "notice" as Slovak's reply brief. However, as new issues were raised in the document, the Court ordered Wells Fargo leave to file a response to this document. (ECF No. 381.) Wells Fargo filed that response on October 22, 2021. (ECF No. 382.)

---

[1]     ECF No. 371 is an erratum to the motion for release of funds.

[2]     Slovak filed two notices, (ECF Nos. 379 and 380), however ECF No. 379 appears to be a corrupted document.

### A.     Slovak's Notice of Appeal does not Divest this Court of Jurisdiction

Slovak argues in his reply brief that the Court does not have jurisdiction to take any further action in this case due to the filing of his notice of appeal on October 12, 2021. (ECF No. 375.) In its response, Wells Fargo disagrees that Slovak's notice of appeal divests this Court of jurisdiction. (ECF No. 382.)[3]

Generally, once an appeal has been taken, the district court is divested of jurisdiction to take any action except in aid of the appeal. *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 388 (9th Cir. 1966). However, where it is clear to the district court that the notice of appeal is in reference to a non-appealable order, the court may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction. *Id.* at 388-89. The Ninth Circuit has made clear, "when a litigant makes an improper interlocutory appeal, such action will not throw a monkey wrench into the machinery of our justice system. Instead, when an improper appeal is taken, the district court retains its jurisdiction to act on the case, and its extant orders must be followed by the litigants, at risk of grave sanction." *Nascimento v. Dummer*, 508 F.3d 905, 910 (9th Cir. 2007).

The Court finds that the notice of appeal filed by Plaintiff does not divest this Court of jurisdiction. ECF No. 372 is an interlocutory order related to procedural matters in this case. This order is not related to an injunction, any order regarding a receiver, or an interlocutory decree related to the rights or liabilities in an admiralty case. 28 U.S.C. § 1292(a). As such, ECF No. 372 is not a final, appealable order and the notice of appeal seeking review of that order does not divest this Court of jurisdiction. Therefore, irrespective of the notice of appeal, the Court will proceed with this case in all respects, including, but not limited to, proceeding with the evidentiary hearing set for October 27, and 28, 2021 and ruling on the outstanding motion for release of funds pending before the Court.

---

[3]     Wells Fargo has also filed a motion to dismiss Slovak's appeal with the Ninth Circuit, No. 21-16699. (*See* ECF No. 382-1.)

### B. Plaintiff's Motion for Release of Funds

Turning to the merits of Plaintiff's motion, the Court grants the motion in part, and denies it, in part. To the extent Plaintiff seeks to withdraw his motion to enforce the settlement, the Court grants the motion.

However, Plaintiff's motion is denied in all other respects. First, the Court denies Plaintiff's request to vacate the evidentiary hearing scheduled for October 27 and 28, 2021. Wells Fargo's motion to enforce the settlement agreement is still pending and must be decided. Consequently, withdrawal of Plaintiff's motion to enforce the settlement agreement does not negate the need or basis for holding the evidentiary hearing. Therefore, the Court denies Plaintiff's motion to the extent it seeks to vacate the evidentiary hearing.

As to the release of the funds, although Plaintiff asserts that he seeks release of the funds directly to him to "consummate" the settlement agreement between the parties, Plaintiff's motion does not affirmatively explain what this means or when he intends to "consummate" the settlement. In fact, Plaintiff's motion carefully avoids stating that Plaintiff is now willing to accept the documents tendered by Wells Fargo in 2018 as sufficient to finalize the parties' 2014 settlement agreement and thus end this litigation. There is also no statement in the motion addressing the question of when Plaintiff would consummate the settlement agreement if the funds were to be released to him. Rather, it appears Plaintiff is requesting the Court to release the funds directly to him without any guarantee or expectation that he will, in fact, consummate the settlement by accepting the documents previously tendered by Wells Fargo as sufficient to finalize the parties' agreement. Given Plaintiff's conduct in this litigation of late, coupled with the careful drafting of his motion, it is does not appear Plaintiff has any intention of consummating the settlement in this case or ending this litigation if the funds are released to him. Therefore, the Court also denies the motion to the extent it seeks release of the funds at this time.

However, if the parties file a stipulation or an agreement signed by both parties indicating that Plaintiff **will** accept the documents tendered by Wells Fargo as sufficient to finalize the 2014 settlement agreement prior to the scheduled hearing, the Court will convert the scheduled evidentiary hearing to a hearing to finalize the terms of the settlement agreement. If this occurs, the Court will enter an order directing the bank holding the funds in Plaintiff's account to release $280,000 of the funds from Plaintiff via Plaintiff's account directly to Wells Fargo (either by ordering the issuance of a cashier's check with the payee listed as Wells Fargo or a wire transfer directly from Plaintiff's account to Wells Fargo's account) to coincide with delivery of the documents to Plaintiff. If the parties choose to proceed with such an agreement or stipulation, the agreement or stipulation must be filed by no later than **Tuesday, October 26, 2021, at 12:00 p.m.** and must be accompanied with a draft order for the Court's signature, approved by both parties, setting forth the necessary requirements and details for the release of the funds as stated above.

However, if the Court does not receive such a stipulation and/or agreement by the date and time listed above, the in-person evidentiary hearing set for **October 27, and 28, 2021 will proceed at 8:00 a.m. The parties are ordered to attend this hearing, either personally or through at least one of their attorneys. Any party's failure to appear, either personally or through their attorney(s), will result in an order to show cause why sanctions should not be imposed against the party and/or their attorney(s).**

Therefore, Plaintiff's motion for release of funds from court-ordered blocked account to consummate settlement, (ECF No. 370), is **GRANTED, IN PART, AND DENIED, IN PART**, for the reasons stated above.

**IT IS SO ORDERED.**

DATED: October 22, 2021

_____
**UNITED STATES MAGISTRATE JUDGE**

4