UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT A. SLOVAK,<br><br>        Plaintiff,<br> v.<br><br>WELLS FARGO BANK, N.A., *et al.*,<br><br>        Defendants. | Case No. 3:13-cv-00569-MMD-CLB<br><br>ORDER REVOKING PRO HAC VICE STATUS OF ATTORNEY SCOTT D. JOHANNESSEN |

  This is an attorney discipline matter regarding one of the attorneys of record in this case. The Court admitted Plaintiff's counsel Scott D. Johannessen *pro hac vice*. (ECF No. 232.) The Court issued an order to show cause as to why the Court should not revoke Attorney Johannessen's *pro hac vice* status for violating LR IA 11-7(c). (ECF No. 391 ("OSC").) Attorney Johannessen filed a response and requested a hearing. (ECF No. 409 (sealed).)[1] The Court then held a hearing (the "Hearing") on the OSC per Attorney Johannessen's request. (ECF Nos. 412, 416 (hearing minutes).)  As further explained below, the Court revokes Attorney Johannessen's *pro hac vice* status in this case but stays the revocation until the Court issues an order on the pending Reports and Recommendations (ECF Nos. 414, 415).

  The Local Rules give the Court the power to revoke *pro hac vice* status. *See* LR IA 11-2(f) ("The court may revoke the authority of the attorney permitted to appear under this rule."); *see also* LR IA 11-8(c) (providing that the Court may sanction an attorney who fails to comply with the Local Rules); *see also Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1118

---

[1]The Court granted Attorney Johannessen's motion for leave to file his response under seal. (ECF Nos. 408, 412.) However, the Court denied Attorney Johannessen's oral motion to seal the Hearing. (ECF No. 416.) ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

1  (9th Cir. 2005) (revoking "*pro hac vice* status falls within 'the scope of the inherent power
2  of the federal courts'") (citation omitted); *see also id.* at 1111-14 (indicating that district
3  courts must provide notice and an opportunity to be heard before imposing any sanctions,
4  along with giving specific notice of the sanctions a court is considering). As noted, in the
5  OSC, the Court flagged that Attorney Johannessen violated LR IA 11-7(c) by failing to
6  report two public censures to the Court. (ECF No. 391.) LR IA 11-7(c) provides the
7  following:

> If an attorney admitted to practice under these rules is subjected to professional disciplinary action **or** convicted of any felony or other misconduct that reflects adversely on the attorney's honesty, trustworthiness, or fitness as an attorney in Nevada or in another jurisdiction, the attorney must immediately inform the clerk in writing of the action. Failure to make this report is grounds for discipline under these rules.

12 *Id.* (emphasis added to aid the discussion below).

13  To start, the Court provided Attorney Johannessen notice and an opportunity to be
14  heard by holding the Hearing. At the Hearing, Attorney Johannessen reiterated the primary
15  argument he raised in response to the OSC: that he did not believe he was required to
16  report the public censures he received in Tennessee because they did not 'reflect
17  adversely on his honesty, trustworthiness, or fitness' as an attorney. However, and as the
18  Court explained at the Hearing, this is an incorrect reading of LR IA 11-7(c). LR IA 11-7(c)
19  is written in the disjunctive. For this reason, an attorney admitted to practice before this
20  Court must report any professional disciplinary action they are subjected to, regardless of
21  whether it reflects adversely on their honesty, trustworthiness, or fitness as an attorney.
22  *See id.* Attorney Johannessen did not report the public censures he received in Tennessee
23  and therefore violated LR IA 11-7(c).[2]

24  And even if the Court were to agree with Attorney Johannessen's incorrect reading
25  of LR IA 11-7(c)—and it does not—Attorney Johannessen's decision not to report his two

---

[2] Attorney Johannessen stated at the Hearing that he agreed both that the public censures he received in Tennessee were 'professional disciplinary actions' and that he did not report them to the Court.

2

public censures in Tennessee to this Court was unreasonable. ███████

███████
███████
███████
███████

███████
███████
███████
███████
███████
███████
███████
███████
███████

███████
███████
███████
███████
███████
███████

In addition, Attorney Johannessen's conduct at the Hearing further convinced the Court that no less severe sanction short of revoking Attorney Johannessen's *pro hac vice* status in this case would suffice. Even after the Court stated that LR IA 11-7(c) is disjunctive and thus required him to report his public censures even if they did not reflect adversely on his fitness as an attorney, Attorney Johannessen did not volunteer that he was the subject of other professional disciplinary actions not referred to in the OSC. But then Attorney Johannessen later admitted when directly questioned by the Court that he had been subject to other professional disciplinary actions that he had also not reported

to the Court.[3] What's more, Attorney Johannessen attempted to rely on his incorrect interpretation of LR IA 11-7(c) when the Court asked him to explain why he had not volunteered earlier in the Hearing that he had been professionally disciplined on other occasions beyond the two public censures in Tennessee and did not report those to the Court either. That explanation was particularly unreasonable because the Court had already told Attorney Johannessen his reading of LR IA 11-7(c) was incorrect. Suffice to say, Attorney Johannessen's testimony at the Hearing was neither credible nor reasonable.

While the Court gave him the opportunity (ECF No. 391 at 2), Attorney Johannessen did not propose an alternative sanction short of revocation of his *pro hac vice* status (ECF No. 409 at 14 n.8 (sealed)). But at the Hearing, Attorney Johannessen asked that the Court allow him to see this case through to its conclusion, which he expects to happen soon. The Court will grant that request only to the extent necessary to allow the Court to issue an order on the two pending Reports and Recommendations ("R&Rs") from United States Magistrate Judge Carla L. Baldwin (ECF Nos. 414, 415), as the order on them may resolve this case. Attorney Johannessen may file objections to the pending R&Rs by December 17, 2021. Apart from and after that, he may not take any further action in this case. Attorney Johannessen's *pro hac vice* status will terminate upon the Court's issuance of an order accepting or rejecting the two pending R&Rs (ECF Nos. 414, 415).

It is therefore ordered that Scott D. Johannessen's *pro hac vice* admission to practice in this case is revoked.

It is further ordered that the Court's revocation of Attorney Johannessen's *pro hac vice* status is stayed until the Court issues an order resolving the two pending R&Rs (ECF Nos. 414, 415) as specified above.

///

---

[3] In response to the Court's question at the Hearing, Attorney Johannessen disclosed a disciplinary matter involving a professional privilege tax imposed by the Tennessee state bar in 2011 or 2012 and reciprocal discipline by the State Bar of California.

It is further ordered that, if Attorney Johannessen ever applies for *pro hac vice* admission in the District of Nevada in the future, he must disclose this order in, and attach a copy of this order to, his application for *pro hac vice* admission.

DATED THIS 7th Day of December 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE