1

2

3                          UNITED STATES DISTRICT COURT

4                                DISTRICT OF NEVADA

5                                      * * *

6    ROBERT A. SLOVAK,                        Case No. 3:13-cv-00569-MMD-CLB

7                           Plaintiff,                        ORDER

8         v.

     WELLS FARGO BANK, N.A.,

9                           Defendant.

10

11        Plaintiff Robert A. Slovak asks me to recuse because my impartiality might

12   reasonably be questioned.[1] (ECF No. 437 ("Motion").) I begin my review of Plaintiff's

13   Motion from the "general proposition" that I must participate in cases assigned to me.

14   *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008). But Plaintiff is of course

15   correct that I should recuse if my "impartiality might reasonably be questioned." *Id.*; *see

16   also* 28 U.S.C. § 455(a). Section 455(a) requires an objective inquiry. *See Holland*, 519

17   F.3d at 912-14. But this objective standard "must not be so broadly construed that it

18   becomes, in effect, presumptive, so that recusal is mandated upon the merest

19   unsubstantiated suggestion of personal bias or prejudice." *Id.* at 913 (citation omitted).

20        I will deny the Motion because that is all Plaintiff presents in it: unsubstantiated

21   suggestions of the appearance of personal bias. *See id.* He does not present anything in

22   his Motion that overrides the default rule that I must participate in cases assigned to me.

23   I will briefly discuss below why I find each of the arguments Plaintiff presents in his Motion

24   unpersuasive.

25        Plaintiff first acknowledges the law that "a judge's prior adverse ruling is not

26   sufficient cause for recusal[,]" but also characterizes my prior rulings as "abusive,

27

28        _____
          [1]It is unclear from my review of the Motion whether Plaintiff also accuses me of
     actual bias. To the extent Plaintiff accuses me of actual bias, the same analysis provided
     herein applies to that claim as well.

1  condescending, unjust, and heavily one-sided in favor of his opponent in this case[.]"
2  (ECF No. 437 at 4.) He also lists a series of motions and orders as "instances of arguable
3  bias against him and in favor of Wells Fargo" and states that, "[s]uch instances of
4  questionable abuse of the Court's inherent power and authority will be addressed where
5  and when appropriate, but not here and now." (*Id.*) Because Plaintiff writes that he is not
6  accusing me of bias for any prior, purportedly adverse decisions, but does it anyway, and
7  out of an abundance of caution, I first state that I will not recuse from this case because
8  of prior rulings I made in this case that Plaintiff perceives as adverse to him. *See, e.g.*,
9  *United States v. McTiernan*, 695 F.3d 882, 893 (9th Cir. 2012) ("a 'judge's prior adverse
10  ruling is not sufficient cause for recusal.'") (citation omitted).

11       Plaintiff next makes several arguments based on my issuance of an order to show
12  cause to one of his attorneys and several related orders. (ECF No. 437 at 5-7.) I already
13  addressed and rejected these arguments in prior orders. (ECF Nos. 416, 417 (sealed),
14  419, 420, 428.) I incorporate by reference those orders here. (*Id.*)

15       Plaintiff finally argues that I am biased in favor of Defendant because I "allowed
16  Wells Fargo's trial attorney to testify as a material witness in an important evidentiary
17  hearing[.]" (ECF No. 437 at 7-8 (citing ECF Nos. 375 (a notice of appeal primarily
18  concerning a ruling made in ECF No. 362), 429-1 (a proposed objection to a Report and
19  Recommendation), and 434 (an objection to a Report and Recommendation)).) Based on
20  Plaintiff's description of the hearing (which appears to be ECF No. 392) and the ECF
21  references he relies on in this portion of his Motion, this argument appears to object to
22  decisions made by United States Magistrate Judge Carla L. Baldwin. To be clear, I have
23  the utmost confidence in, and respect for, Judge Baldwin professionally, so I do not
24  assume that she makes incorrect decisions without first reviewing them in line with the
25  normal processes governing District Judge review of a Magistrate Judge's decisions. But
26  even if a decision Judge Baldwin made to allow Defendant's counsel to testify at a hearing
27  was legally incorrect[2] it cannot logically demonstrate that I am biased towards
28

[2]Again, to be clear, I am not making that finding here.

2

1  Defendant—because I was not the one who made the challenged decision. I accordingly

2  find each of Plaintiff's arguments in his Motion unpersuasive.

3        In sum, Plaintiff's Motion is unreasonable under the applicable objective standard.

4  I find that no reasonable person would question my impartiality as to this case. For this

5  reason, it is my duty to continue to preside over this case and I therefore must deny the

6  Motion.

7        It is therefore ordered that Plaintiff's recusal motion (ECF No. 437) is denied.

8        DATED THIS 13th Day of January 2022.

10
        _____

11
        MIRANDA M. DU
        CHIEF UNITED STATES DISTRICT JUDGE

3