UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT A. SLOVAK,<br><br>                    Plaintiff,<br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>                    Defendants. | Case No. 3:13-cv-00569-MMD-CLB<br><br>ORDER[1] |

## I.   SUMMARY

The primary contention before the Court is whether the Promissory Note and Deed of Trust (together, "Loan Documents") related to a condominium property in Incline Village, Nevada, tendered by Defendant Wells Fargo, N.A. ("Wells Fargo"), are in fact, the originals to be delivered to Plaintiff Robert Slovak pursuant to the terms of the parties' settlement agreement. Before the Court is the Report and Recommendation of United States Magistrate Judge Carla L. Baldwin. (ECF No. 415 ("R&R").) Judge Baldwin's R&R recommends the Court grant Wells Fargo's motion to enforce the settlement agreement because the Loan Documents are the authentic originals. (*Id.*) Slovak filed an objection to the R&R. (ECF No. 434 ("Objection").)[2] The Court finds Slovak's Objection to be in violation of Local Rule IA 10-1(a)(1) and is further unconvinced by Slovak's arguments— and as further explained below—the Court therefore overrules the Objection and adopts the R&R in full.

///

///

---

[1] The Court notes that Magistrate Judge Carla L. Baldwin issued two Reports and Recommendations ("R&Rs") on December 3, 2021. (ECF Nos. 414, 415.) This order and an accompanying separate order issued on this day address those R&Rs.

[2] Wells Fargo filed a response. (ECF No. 439.)

## II. BACKGROUND

The Court incorporates by reference Judge Baldwin's recitation of the procedural history in the R&R. (ECF No. 415 at 1-11.) The Court also incorporates by reference Judge Baldwin's factual findings as additional background to this action. (*Id.* at 11-18.) Further relevant to this order, Slovak originally filed an objection to the R&R on December 22, 2021. (ECF No. 426.) That objection was stricken from the record as it was filed in violation of LR 7-3(b)'s 24-page limit. (ECF No. 432.) Slovak subsequently filed the Objection, which appears to be within the 24-page limit. (ECF No. 434.)

## III. LEGAL STANDARD

### A. Review of the Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus *de novo* because Slovak filed the Objection. (ECF No. 434.)

## IV. DISCUSSION

Following a *de novo* review of the R&R and other records in this case, the Court finds good cause to accept and adopt Judge Baldwin's R&R in full.

### A. Local Rules

As noted above, Slovak originally filed an objection to Judge Baldwin's R&R on December 22, 2021. (ECF No. 426.) The Court ordered the objection be stricken as it was filed in excess of the page limit in violation to LR 7-3(b). (ECF No. 432.) The Court expressly stated that LR 7-3(b) "establishes a limit of 24 pages for '[a]ll other motions' (except for motions for summary judgment)." (*Id.* (citing LR 7-3(b)). Slovak was given to December 31, 2021, to correct that objection and refile, which Slovak timely did with the corrected Objection. (ECF No. 434.) However, the Court finds the Objection is now in violation of LR IA 10-1(a)(1).

1    LR IA 10-1(a)(1) provides that all filed documents "[e]xcept for exhibits, quotations, the caption, the court title, and the name of the case, *lines of text must be doubled-spaced*." (emphasis added.) In the Objection, Slovak includes a section in which he makes 57 "specific objections" to Judge Baldwin's factual findings. (ECF No. 434 at 20-24.) While the Objection is objectively 24-pages in compliance with LR 7-3(b), the text within the section containing the 57 specific objections is inexplicably single-spaced and spans nearly four pages. (*Id.*) The very purpose of LR IA 10-1(a)(1) is to prevent parties from circumventing LR 7-3(b)'s 24-page limit in the manner here. As such, Slovak's Objection is overruled for violating LR IA 10-1(a)(1).

Nevertheless, for the purposes of judicial economy and the resolution of this action that has been pending before the Court for several years, the Court will address below Slovak's remaining arguments outside of his 57 specific objections.

**B.     General Objections**

In his Objection, Slovak makes the following arguments to Judge Baldwin's R&R: (1) Slovak was never provided an opportunity to respond to Well Fargo's motion to enforce the settlement agreement; (2) Judge Baldwin's factual findings misrepresents Slovak's counsel's limited appearance at the October 27, 2021 evidentiary hearing; (3) witness Jodie Hawkins does not have personal knowledge as to the authenticity of the Loan Documents; (4) Expert Jan Seaman Kelly did not have personal knowledge of Slovak's signature nor did she compare it to the signatures on the questioned Loan Documents; (5) Wells Fargo failed to offer evidence that the title company or recorder had custody of the Loan Documents; (6) Wells Fargo has not carried its burden of proof;[3] (7) the January 22, 2019 order requiring Slovak to deposit $280,000 with the Clerk of Court remains extant and a violation of Federal Rules of Civil Procedure 67;[4] and (8) Slovak appears to offer

---

[3] Slovak labels this as an objection but merely states that "Wells Fargo has not carried its burden of proof." (ECF No. 434 at 9.) This is a conclusory statement that offers no legal basis as support. As such, the Court declines to address this argument.

[4] The Court declines to address this argument as Slovak has previously raised this argument in another objection (ECF No. 423) to a different R&R (ECF No. 414). The Court *(fn. cont…)*

nine numerical objections to Judge Baldwin's factual findings.[5] The Court is unconvinced and will address below arguments 1 through 5 in turn.

### 1. Opportunity to Respond

Slovak appears to argue that the evidentiary hearing on October 27, 2021, was not a hearing on Wells Fargo's motion to enforce the settlement agreement and therefore, Slovak was not provided "an opportunity to oppose, defend, brief, or argue against" the motion. (ECF No. 434 at 7-8.) The Court construes this argument as a due process challenge and finds it unconvincing.

On January 8, 2021, Judge Baldwin held a show cause hearing, and the record reflects the parties made an oral request, which Judge Baldwin construed as a motion to enforce the terms of the settlement agreement.[6] (ECF No. 301.) As a result, an evidentiary hearing took place on October 27, 2021, and Slovak's counsel appeared before Judge Baldwin. (ECF No. 392.) Slovak's counsel was given authority to proceed with the show cause hearing and to consummate a settlement, but Slovak had "not given [his counsel] authority to participate in an evidentiary hearing." (*Id.*) While Slovak was not physically present at the hearing, his counsel was in attendance and was warned that counsel's failure to participate was at his and Slovak's own risk. (ECF No. 400 at 25.) Thus, Slovak was afforded an opportunity to be heard to oppose Wells Fargo's motion but made a choice not to do so. Moreover, the Court further finds no due process violation when Slovak was given a second opportunity to oppose Wells Fargo's motion when he filed the Objection to Judge Baldwin's R&R. As such, this objection is overruled.

---

has addressed this argument in its accompanying order issued on the same day as this order and thus declines to address it here. (*See* ECF No. 447 at 4-5.)

[5]Prior to the 57 "specific objections" discussed in the previous paragraph, Slovak sets forth nine numerical objections that appear to be "categories of objections" that his 57 specific objections rely on. (ECF No. 434 at 16-20.) To the extent Slovak intends for these nine numerical objections to serve as independent objections, the Court finds they do not have merit as they merely state rules and are not fully developed. The Court accordingly declines to address these nine objections.

[6]The Court allowed Slovak to withdraw his motion to enforce settlement. (ECF No. 385 at 3.) Therefore, the only outstanding motion to enforce the settlement agreement is that of Wells Fargo.

4

## 2. Misrepresentation of Limited Appearance

Slovak next argues Judge Baldwin's factual findings inaccurately represents the scope of the limited appearance of Slovak's counsel at the evidentiary hearing on October 27, 2021. (ECF No. 434 at 15-16.) Slovak specifically asserts Judge Baldwin was advised that Slovak's counsel was not appearing for the evidentiary hearing, but was physically present because counsel (1) had been threatened with sanctions, (2) appeared for the purposes of settlement discussion, (3) was stepping in for out-of-state counsel who could not attend the hearing, and (4) could not represent Slovak as he was unable to attend due in part to medical reasons and was "precluded from entering the courthouse." (*Id.*) The Court finds Slovak's objection lacks merit and will summarily address them below.

Slovak offers no evidence his counsel was threatened with sanctions. Prior to the evidentiary hearing, the minutes entered from the September 1, 2021 status conference before Judge Baldwin, reflect that both parties and their counsel were ordered to seize personal attacks on one another and the court, and that "[f]ailure to do so will result in an order to show cause to impose sanctions." (ECF No. 362.) As previously noted, Slovak's counsel appeared at the evidentiary hearing and while counsel was instructed by Slovak not to participate, counsel nevertheless appeared and opted not to object to testimony presented or cross-examine any witnesses. This is appropriately reflected in Judge Baldwin's R&R. (ECF No. 415 at 11, 18.) Moreover, Slovak's out-of-state counsel's inability to attend the hearing is irrelevant to his misrepresentation argument as Slovak still had counsel present at the evidentiary hearing.

Finally, Slovak's assertion that he could not appear in court because of medical reasons and was precluded from entering the courthouse—which the Court construes as another due process challenge—does not have merit. Judge Baldwin held the evidentiary hearing in-person as the state of the COVID-19 pandemic at the time did not require remote testimony. (ECF No. 327.) While Slovak filed an emergency motion to continue the evidentiary hearing based on health and safety concerns, Slovak never requested that he, his counsel, or proposed witnesses be allowed to appear remotely. (ECF Nos. 322, 341.)

As discussed above, Slovak's counsel was present and Slovak's decision to not appear at the evidentiary hearing was his alone. Even if health and safety prevented Slovak from appearing in-person, Slovak could have requested to appear remotely but again, Slovak opted not to do so. Accordingly, this objection is overruled for the reasons stated herein.

### 3. Personal Knowledge

Citing to Rule 602 of the Federal Rules of Evidence,[7] Slovak argues that witness Jodie Hawkins does not have personal knowledge as to the authenticity of the Loan Documents. (ECF No. 434 at 12-14.) Additionally, Slovak cites to cases from the Fifth and Eleventh Circuits and appears to argue that Hawkins should have observed the creation of the Loan Documents or have some familiarity with the signature on the Loan Documents. (*Id.*) The Court disagrees.

Rule 602 of the Federal Rules of Evidence states that "[a] witness may testify to a matter only if evidence is introduced sufficiently to support a finding that the witness has personal knowledge of the matter." Here, Hawkins testified that she was the custodian of records for Wells Fargo.[8] (ECF No. 400 at 61.) She further testified about the process that takes place after original loan documents are signed and recorded, how Wells Fargo maintains and tracks the original documents, and that the records she had reviewed in this matter were maintained in the ordinary course of business. (*Id.* at 61-63.) Hawkins's testimony thus satisfies Rule 602 as she testified to information within her personal knowledge and how she came to know this information within the scope of her employment.

Moreover, Slovak's reliance on Fifth and Eleventh Circuit cases is misplaced as these cases are not controlling. Courts in the Ninth Circuit have determined that "[p]ersonal knowledge . . . is not strictly limited to activities in which the declarant has personally

---

[7] The Court notes that Slovak cites to Rule 601 in his Objection, but this is in error as Rule 602 is the more appropriate rule that requires a testifying witness to have personal knowledge.

[8] Slovak appears to request that the Court take judicial notice of Hawkin's Facebook page. (ECF No. 434 at 21.) The Court declines to do so as it does not impact or alter the analysis or outcome of this order.

participated" and that it "can come from the review of the contents of business records." *Marceau v. Idaho,* Case No. 1:09-CV-00514-N-EJL, 2011 WL 3439178, at *8 (D. Idaho Aug. 5, 2011) (citation omitted). Accordingly, this objection is overruled.

### 4.     Signatures

Similarly, Slovak argues that expert witness, Jan Seaman Kelly, does not have personal knowledge as to Slovak's signature, nor did she compare Slovak's known original signature and initials with that of the signatures in the questioned Loan Documents. (ECF No. 434 at 14-15.) Slovak further states that Kelly's opinion lacks foundation and are mere speculations. The Court disagrees.

First, Slovak's argument is unconvincing because he provides no legal basis for his proposition that Kelly—an expert witness—is required to have personal knowledge of Slovak's signature or must compare his original signature with ones on the questioned Loan Documents. Second, under Federal Rules of Evidence 902(9), loan documents are self-authenticating and do not require extrinsic evidence to prove their authenticity, unless evidence of any defect is offered by a party—which Slovak did not. *See* Fed. R. Evid. 902(9); *United States v. Badgett*, Case No. CV 15-02350-BRO (JPRx), 2016 WL 5886916, at *3 (C.D. Cal. Feb. 3, 2016). Moreover, Kelly's expert opinion did not lack foundation as she provided testimony that she had 33 years of experience, that she had received training in forensic document examination, and that she had conducted an examination using a stereomicroscope on the signatures on the Loan Documents in question. (ECF No. 400 at 92, 99.) As a result, she had determined the signatures were wet-inked signatures and the Loan Documents were in fact the originals. (*Id.* at 100.) Accordingly, the Court overrules this objection.

### 5.     Chain of Custody

Slovak finally argues the chain of custody of the Loan Documents is "missing a couple of links" because Wells Fargo failed to provide evidence of the title company's custody of the Loan Documents, and the recorder's custody of the Deed of Trust. (ECF No. 434 at 14.) Slovak therefore appears to argue that Wells Fargo must offer evidence

showing the chain of custody from the time Slovak executed the Loan Documents in April 2002 until the time the parties entered the settlement agreement in June 2014. (*Id.*) However, the Court does not agree with Slovak because—again—Slovak fails to offer the legal basis to support his proposition. Moreover, the record does not reflect that Slovak raised doubts at any time that tampering, or substitution of the Loan Documents, took place outside of Wells Fargo's custody to require Wells Fargo to establish the chain of custody from 2002 until 2014. As such, this objection is overruled.

**V.  CONCLUSION**

It is therefore ordered that Plaintiff Robert Slovak's Objection (ECF No. 434) is overruled.

It is further ordered that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 415) is accepted and adopted in full.

It is further ordered that Wells Fargo's motion to enforce the settlement agreement is granted.

It is further ordered that the Court will issue within 30 days from the date of this order, a subsequent order with instructions on how the parties will consummate the settlement agreement. To effect this order, the Court refers to Judge Baldwin to issue the order relating to such instructions.

DATED THIS 31st Day of January 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE