UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT A. SLOVAK,<br><br>                             Plaintiff,<br><br>        v.<br><br>WELLS FARGO BANK, N.A., *et al*.,<br><br>                             Defendants. | Case No. 3:13-cv-00569-MMD-CLB<br><br>ORDER |

Before the Court is the Report and Recommendation of United States Magistrate Judge Carla L. Baldwin (ECF No. 501 ("R&R")), recommending the Court deny Tory M. Pankopf Ltd.'s ("Pankopf")[1] motion to enforce attorney's lien (ECF No. 497 ("Motion")).[2] Pankopf filed an objection.[3] (ECF No. 501 ("Objection").) For the reasons discussed herein, the Court overrules the Objection, adopts the R&R, and denies the Motion.

Pankopf's Motion asks the Court to enter judgment, under NRS § 18.015, in Pankopf's favor "quantifying the [attorney's] lien in Mr. Slovak's Property and his file in the amount" of the outstanding legal fees. (ECF No. 497 at 5.) Judge Baldwin recommends denying the Motion, finding that the supporting records show Pankopf

---

[1]Plaintiff retained Tory Pankopf to represent him in this action in January 2018 through April 2025. (ECF No. 497 2-3.) Pankopf asserts Plaintiff's outstanding legal bill amounts to $150,509.61. (*Id.* at 5.)

[2]The Court adopts Judge Baldwin's recitation of the relevant background facts and procedural history and will not repeat the underlying facts in this order. (ECF No. 501 at 1-2.)

[3]In light of Pankopf's Objection, the Court reviews the R&R de novo. *See* 28 U.S.C. § 636(b)(1) (Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the report and recommendation. . . to which objection is made.")

1    received payments and applied them to the fees incurred in this case so the Court must

2    deem the lien discharged.[4] (ECF No. 501 at 4.)

3          In his Objection, Pankopf argues Judge Baldwin erred in finding that the lien was

4    discharged because payments exceeding the amount stated in the lien were made if

5    additional fees were incurred. (ECF No. 502 at 3.) Judge Baldwin relies on Nevada case

6    law for the proposition that "A valid tender of payment operates to discharge a lien." (ECF

7    No. 497 at 3 (citing *Renfroe v. Carrington Mortg. Servs., LLC*, 456 P.3d 1055 (Nev. 2020))

8    (quoting *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 117 (Nev.

9    2018)).) Pankopf argues these cases are distinguishable because they relate to discharge

10   of a super majority lien under NRS § 116.3116. (ECF No. 502 at 4.) The Court is

11   unpersuaded because the point is what operates to discharge a lien—here, evidence of

12   payments of fees incurred. Pankopf further argues that Judge Baldwin did not consider

13   that the lien here was also a retaining lien. (*Id.* at 2-3.) Pankopf cites to *Fredianelli v.

14   Price,* 402 P.3d 1254 (Nev. 2017) as support for its argument that the Court should

15   adjudicate its retaining lien over the Property. (*Id.*) In that case, the Nevada Supreme

16   Court affirmed the district court's enforcement of a retaining lien over the client's "papers

17   and files left" in the attorney's possession under NRS § 18.015(1)(b). *Fredianelli,* 402

18   P.3d at 1257. NRS § 18.015(1)(b) provides, in pertinent part, for a lien "upon any file or

19   other property properly left in the possession of the attorney by a client." But Pankopf

20   does not contend that he has possession over Plaintiff's Property or that Plaintiff left his

21   Property in Pankopf's possession for the Court to adjudicate the lien.[5]

22          In sum, the Court agrees with Judge Baldwin and will adopt the R&R.

23

---

24        [4]The Notice of Attorney's Fee Lien was executed on December 24, 2020 and

25   asserted unpaid fees and costs in the amount of $21,858.47. (ECF No. 497-2.) Judge
Baldwin correctly noted that the records provided show Pankopf received payments

26   totaling $246,114.29 after December 24, 2020. (ECF No. 501 at 4.)

27        [5]Pankopf's Motion does assert that it has claimed a retaining lien in Plaintiff' file,
including the note and deed of trust. (ECF No. 497 at 3.) However, the Motion primarily

28   seeks to enforce the lien against the real property located at 928 Northwood Blvd. in
Incline Village, Nevada. (*Id.*)

1     It is therefore ordered that Pankopf's Objection (ECF No. 502) is overruled.

2     It is further ordered that the Report and Recommendation of Magistrate Judge

3   Carla L. Baldwin (ECF No. 501) is accepted and adopted in full.

4     It is further ordered that Pankopf's motion to enforce attorney's lien (ECF No. 497)

5   is denied.

6     DATED THIS 23rd Day of September 2025.

7

8

9   _____
    MIRANDA M. DU
10  UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28